UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV 14  A 10: 12

| | | |
|---|---|---|
| DIRECTV, Inc. | ) | Case No.: 303-00936JCH |
| | ) | |
| Plaintiff, | ) | PLAINTIFFS' OPPOSITION AND |
| | ) | MEMORANDUM IN |
| vs. | ) | OPPOSITION TO THE DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| Sean Richardson | ) | |
| | ) | |
| Defendant | ) | |

## INTRODUCTION/HISTORY OF THE CASE

On or about May 27, 2003 the Plaintiff filed a four-count, notice pleading Complaint against the Defendant. The underlying allegations are that the Defendant:

1. Engaged in the unauthorized interception of the Plaintiff's satellite television signals in violation of Title 47 U.S.C. § 605(a), Count I; and/or

2. Intentionally intercepted the electronic communications of the Plaintiff in violation of Title18 U.S.C. § 2511(1)(a), Count II; and/or

3. Assisted third parties in obtaining the Plaintiff's satellite television signals without the authorization of the Plaintiff in violation of Title 47 U.S.C. § 605(e)(4) and Title 47 U.S.C. § 605(a); and/or

4. Assembled or manufactured devices that are primarily of assistance in unauthorized interception of the Plaintiff's satellite television signals in violation of Title 47 U.S.C. § 605(e)(4) and Title 47 U.S.C. § 605(a).

The Defendant was served, in hand, on or about September 26, 2003. The Defendant, ostensibly pro se, has moved for dismissal pursuant to Fed.R.Civ.P. 12 (b)(5).

**Plaintiff requests hearing.**

1

**DISCUSSION/OBJECTION**

The Plaintiff objects to the Defendant's motion dismiss. The plaintiff asserts that it was diligent in pursuing the service of process in this action. While the service may have required two extra days (122) the, the two extra days required to effectuate service were the result of the legitimate confusion that arose from the fact that the Defendant had to a from the address where the Plaintiff last knew him to reside.

As alleged in the complaint the Plaintiff obtained records showing the defendant purchased a pirate access device and had it delivered to his address at 225 Pequot Avenue, New London CT on or about March 16 2001. Thereafter, on or about July 19, 2002 Plaintiff's counsel wrote to the defendant at the Pequot Avenue address. While there was no response to the letter, the Post Office did not return the letter to Plaintiff's Counsel. Accordingly, the plaintiff brought the action alleging that the defendant still resided at the Pequot Avenue address. The Marshall experienced delay in making service due to this confusion of addresses. It was only after the Marshall contacted the landlord of the subject address was he able to effectuate service by making service in hand at an apparent work address of the Defendant, 385 Boston Post Road, Waterford, CT. In fact, it was not until this motion was filed that the plaintiff was a determined with certainty the new address for the Defendant, 281 C-3 Gardner Avenue, New London, CT.

In addition, the motion to in dismiss is essentially an exercise in futility. Three of the plaintiffs four Counts, I, III and IV are based upon violations of Title 47 U.S.C. § 605. This court has already decided that the statute of limitations for Title 47 U.S.C. § 605 violations is three years from the date of discovery. See Cablevision v. Warren, Civ. No. 3:94-cv-1173 (JBA) (D. CT 1995) (unpublished case copy attached as Exhibit A).

2

Additionally the minimum statutory damage award for violations of Title 47 U.S.C. § 605(e)(4) and Title 47 U.S.C. § 605(a) as set forth in counts III an IV is $10,000.00. Accordingly, even if this selection is dismissed without prejudice pursuant to the Defendant's motion the Plaintiff can read file three of its four counts and still claim minimum statutory damages of $10, 000.00

In light of all of the above the Plaintiff has "good cause" for the court allowing for two extra days to effectuate service pursuant to Fed.R.Civ.P 4(m). See *Blessinger v. U.S.*, 173 F.R.D. 29 (E.D.N.Y. 1997), *Argentina V Emery World Wide Delivery Corp.*, 167 F.R.D. 359 (E.D.N.Y. 1997). In conclusion, the Plaintiff prays that this court deny the Defendant's pending motion or in the alternative that only Count II, the Count with the two year Statute of Limitations be dismissed.

11/12/03
Date

John M. McLaughlin (CT16988)
**Mailing Address for**
**Requested Service of All Papers**
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

Local Address Pursuant to
D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT 06732-2518

3

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 13 day of Nov, 2003, a copy of the foregoing was mailed first class to:

Sean Richardson
281, C-3 Gardner Ave
New London, CT  06320

John M. McLaughlin, Esq.

EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CABLEVISION SYSTEMS OF<br>SOUTHERN CONNECTICUT,<br>LIMITED PARTNERSHIP, AND<br>CABLEVISION OF CONNECTICUT,<br>LIMITED PARTNERSIHP<br><br>v.<br><br>ROBERT WARREN AND<br>VITAL MEDOR | :<br>:<br>:<br>:<br>:<br>:   Civ. No. 3:94-cv-1173 (JBA)<br>:<br>:<br>:<br>: |

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

The plaintiffs, two Connecticut cable television system operators, brought this action against the defendants pursuant to 47 U.S.C. §§ 553 and 605 which prohibit assisting in the unauthorized reception of cable and satellite broadcasts. Defendants are alleged to have purchased descramblers or decoders for that purpose.

The allegations are based on invoices which were seized by federal agents pursuant to a subpoena issued by the court in an action brought by the plaintiffs' parent company, Cablevision Systems Corporation (CSC), in 1990, Cablevision Systems Corporation v. Muneyyirici, Docket No. CV-90-2997 (E.D.N.Y.). Among the records seized were invoices from the Atlantic Coast Distributing Center Corporation for the sale of cable television converters and decoders. Some of those invoices contained the names and addresses of the defendants.

Henry Hack, Corporate Director of System Security for Cablevision Systems Corporation (CSC), parent corporation to the two plaintiffs in this case, received copies of all the seized materials, including all invoices, on February 6, 1991. However, according to plaintiffs, under the terms of the subpoena, CSC was restricted from using the documents for any purpose other than the Muneyyirici litigation. CSC did not permit its affiliates, including plaintiffs, access to the invoices until August 1993. Plaintiffs initiated this action in July 1994.

1

Both defendants have moved for summary judgment. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 112 S. Ct. 152 (1991). Statute of Limitations

Both defendants seek summary judgment on the grounds that the action is barred as untimely. Because the federal statutes contain no time limitations, the limitation from the analogous statute of the forum state applies. North Star Steel Co. v. Thomas, ---U.S.---, 115 S. Ct. 1927, 63 U.S.L.W. 4465 (1995). The parties agree that the analogous state action is conversion and that conversion actions in Connecticut are subject to Connecticut General Statutes §52-577, which provides that tort actions must be brought "within three years from the date of the act or omission complained of." Defendants contend that Connecticut General Statutes §52-577 is an occurrence statute, meaning that the statute begins to run at the moment the act or omission occurred, S.M.S. Textile Mills, Inc. v. Brown, Jacobson, etc., 32 Conn. App. 786, 790 (1993), and that this action is barred because it was not brought within three years of the alleged sales of the decoders to the defendants. Based on the dated invoices, the alleged sales occurred between January 1989 and July 1989, almost five years before this action was filed.

However, as plaintiffs have correctly observed, because in this case Connecticut General Statutes §52-577 is applied to federal statutes, 47 U.S.C. §§553 and 605, federal law requires that the action be brought within three years of plaintiff's discovery of the alleged sale. Federal law governs the question of when a federal claim accrues notwithstanding that a state statute of limitations is to be used, and under federal law a cause of action accrues when the

2

plaintiff knows or should know of the injury that is the basis of the action. Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993), quoting Morse v. University of Vermont, 973 F.2d 122, 125 (2d Cir. 1992). Connecticut General Statutes §52-577, specifically, has been interpreted by federal courts, in cases involving federal statutes, as accruing from the time plaintiff discovered or should have discovered the injury that forms the basis of the action. George v. Carusone, 849 F.Supp. 159 (D.Conn. 1994) and In re State Police Litigation, 888 F.Supp. 1235, 1249 (D.Conn. 1995).

    Defendants contend, however, that even if Connecticut General Statutes §52-577 is read to require that actions be brought within three years of the plaintiff's discovery of the alleged acts, the present action is still barred because Henry Hack of CSC obtained copies of the invoices in February 1991, well over three years prior to the bringing of this action. Defendants contend that Hack is the plaintiff's agent for security purposes and that Hack's knowledge of the contents of the invoices should be imputed to the plaintiffs. Defendants cite the Restatement (Second) Agency, §§ 282-292 for the principle that an agent's knowledge may be imputed to its principal, and refer to cases which establish that for the purposes of statutes of limitations, accrual will commence when the plaintiff's agent discovers or ought to discover the injury which forms the basis of the action. F.D.I.C. v. Shrader & York, 991 F.2d 216 (5th Cir. 1993), cert. denied, 114 S.Ct. 2704, 129 L.Ed.2d. 832 (1994) (Texas' discovery rule did not keep two-year statute of limitations on legal malpractice claims from running because officer/director's knowledge of subject transactions would be imputed to thrifts); Levin v. Berley, 728 F.2d 551 (lst Cir. 1984) (Massachusetts' discovery rule did not keep three year statute of limitations on legal malpractice claims from running where client's attorney discovered the malpractice, because client is charged with knowledge of his attorney); and Dandorph v. Fahnestock, 462 F.Supp. 961 (D.Conn 1979) (Applying Connecticut's "discovery" statute of limitations, attorney's knowledge of defendant's alleged securities "churning" is imputed to his client).

    The defendants assume that Hack was the defendants' agent. The rule that an agent's knowledge should be imputed to the principal and the cases upon which defendants' rely, which establish that for the purposes of statutes of limitations, accrual will commence when the plaintiff's agent discovers or ought to have discovered the injury which forms the basis of the

3

action, control in this case only if Hack is the defendants' agent. However, defendants cite no recognize legal principle under which the knowledge of a parent corporation is imputed to its subsidiary. Certainly, there is no rule of law which imputes the knowledge of principals to their agents. Rosenbaum v. Texas Energies, Inc., 736 P.2d 888, 892 (1987) ("We have no similar rule of law which imputes the knowledge of the principal to its agents.").

Defendants point to following as relevant to the determination whether Hack's knowledge should be imputed to the plaintiffs: an excerpt from the deposition testimony of Michael Celini, plaintiffs' System Security Director, in which Mr. Celini refers to Mr. Hack as his "corporate superior" and as one of his "corporate people;" and a memorandum dated August 11, 1993 from Hack to Celini and security directors at other CSC affiliates, in which Hack "directs Celini... on the use of the invoices and the procedures for pursuing purchasers of descramblers." Defendant Medor's Reply Brief, p. 5.

Such considerations will no doubt be relevant to the determination whether Hack was an agent of the plaintiffs such that his knowledge should be imputed to the plaintiffs, but, in this case, that determination must be made by the trier of fact. See Cabrera v. Jakabovitz, 24 F.3d 372, 386 (2d Cir.), cert. denied --- U.S.---, 115 S.Ct. 205, 130 L.Ed. 2d 135 (1994) ("Unless the facts are insufficient to support a finding of agency or there is no dispute as to the historical facts, the question of agency should be submitted to the jury so that it may apply the applicable legal standard, as set forth in the instructions, to the facts, as the jury finds them.").

Because there is a dispute of material fact regarding the imputation of Hack's knowledge of the invoices to the plaintiff, there is also a dispute of material fact as to when the statute of limitations accrues. Dispute of material fact as to when a cause of action accrues is a question of fact which precludes summary judgment. West Haven School District v. Owens-Corning Fiberglass Corporation, 721 F. Supp 1547, 1555-1556, n.10 (citations omitted) ("The question of when a cause of action accrues, so as to start a statute of limitations running, is ordinarily a question of fact for a trier; consequently a court cannot grant summary judgment for a defendant if there is a genuine dispute as to when the limitation period began.") . Under these circumstances, a grant of summary judgment on the issue of the statute of limitations would be inappropriate.

Insufficiency of the Evidence

4

Defendant Medor also contends that summary judgment is appropriate because the evidence relied upon by plaintiff is insufficient as a matter of law to sustain a judgment in their favor. Specifically, the only evidence upon which the action was brought are the invoices, which, according to defendant Medor, do not establish that the decoders were shipped to the defendant, that defendant paid for them, that defendant sold them or that defendant used them.[1] However, the court finds that a reasonable trier could infer from the three invoices, each of which on its face indicates that decoders were "sold to" the defendant, whose name and address appear on each invoice,[2] that defendant purchased and was shipped thirty decoders. In addition, a reasonable trier could conclude that having purchased thirty decoders, the defendant used them to "pirate" cable service or provided them to others for that purpose. While it is possible that the defendant could have purchased one cable television decoder to be used for a purpose other than pirating cable programming, scientific interest perhaps, the court is strained to come up with a reason, other than providing them to others that they might pirate cable programming, as to why defendant might want thirty decoders. A reasonable trier of fact could infer from the evidence presented that defendant purchased the decoders for the purpose of pirating cable programming or providing them to others for that purpose.

Accordingly, defendants' motions for summary judgment are DENIED.

Dated at New Haven, Connecticut this 21st day of November 1995.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

---

[1] The federal statute pursuant to which plaintiffs bring this action, 47 TJ.S.C. §553, provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communication service offered over a cable system . . . ."

---

[2] Defendant Medor's phone number appears on one of the invoices, as well.

6