THIS HAS BEEN SCANNED, PAGINATION CHANGED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COXCOM, INC. d/b/a COX　　　　　　　　　　3: 02 CV00604 (DJS)
COMMUNICATIONS, NEW ENGLAND

    Plaintiff,

-v-

KEVIN DINGLE,

    Defendant.

### RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This is an action by plaintiff CoxCom, Incorporated, d/b/a Cox Communications New England, for damages against defendant Kevin Dingle based on Dingle's allegedly unauthorized interception of cable television services, in violation of 47 U.S.C. §§ 553 and 605 (hereinafter '§ 553'and '§ 605'). The action was filed on April 5, 2002, and a complaint and summons were served on the defendant on May 22, 2002. The defendant failed to appear or otherwise defend the action, thus default was entered against him on June 18, 2002, pursuant to Rule 55 (a) of the Federal Rules of Civil Procedure.

Now pending before the Court is the plaintiff's motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the foregoing reasons, plaintiffs motion for a default judgment is GRANTED in part, DENIED in part, as follows.

### DISCUSSION

The Federal Rules of Civil Procedure provide for the entry of a judgment by the court where the defendant has been defaulted for failure to appear and is not an infant or incompetent person.[1] Fed. R. Civ. P.

---

[1] The plaintiff has averred in its moving papers that the defendant is not an infant or incompetent. See Fed. R. Civ. P. 55(b

55(b). "It is well established that a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." Cablevision of S. Conn. Ltd. Partnership v. Smith, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999)). In civil cases, however, "where a party fails to respond, after notice, the court is ordinarily justified in entering a judgment against the defaulting party." Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984).

In this case, it is clear that the plaintiff in entitled to an entry of default judgment in light of the defendant's failure to appear and/or respond to the plaintiff's complaint or any other order by the Court. It is also clear that the defendant has received adequate notice about the pendency of the plaintiff's case before this Court. Furthermore, the plaintiff has sufficiently alleged the requisite facts that underlie a violation of both §§ 553 and 605. The Court notes, for example, that evidence of a purchase of an illegal descrambling device can create a rebuttable presumption that the device was used to intercept the plaintiff's signals without authorization in violation of federal statute. Community Television Sys. Inc. v. Caruso, 284 F.3d 430 (2dCir.2002). Thus, an entry of default judgment for violation of these statutes is hereby GRANTED.

The Court must now determine the proper extent of damages the plaintiff is entitled to in the Court's judgment. In deciding the extent of damages in a default judgment, the court must consider several factors, including (1) the monetary award requested by the plaintiff, (2) the prejudice suffered by the plaintiff, (3) whether or not the default is clearly established and (4) the nature of the plaintiffs claims against the defendant. Pinaud v. Coum of Suffolk, 52 F. 3d 1139, 1152 n. 11(2d Cir. 1995) (citing 10 Moore's Federal Practice § 55.20[2][b]). The Second Circuit has provided some guidance in this matter, and has stated:

> The outer bounds of recovery allowable are of course measured by the principle of proximate cause. The default judgment did not give [plaintiff] a blank check to recover from [defendant] any losses it had ever suffered from whatever source. It could only recover those damages arising from the acts and injuries pleaded. . . . "

Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992). In making this determination and evaluating the allegations asserted against the defendant, the court may "deem[] all the well-pleaded allegations in the pleadings to be admitted" by the defendant. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 1052 108 (2d Cir. 1997).

In this case, the plaintiff has pled in its complaint the following three factual grounds for its claims: (1) that on or about July 2, 1997, the defendant received a black market descrambling device, which he proceeded to use to receive and/or intercept the plaintiff's premium cable channels and pay per view events and used those signals for his own benefit without the authorization of and without payment to the plaintiff, or (2) from on or about July 2, 1997, the defendant assisted a third party in the unauthorized interception of signal by distributing an illegal descrambling device to a third party; or (3) after using the descrambling; device for some period for his own unauthorized interception of signals, the defendant then assisted a third party in the unauthorized interception of signal by distributing the illegal descrambling device to a third party. The plaintiff further asserts that the aforementioned activities were done knowingly and willfully by the defendant.

### A.    Statutory Damages for § 605(a) Violation

Based on these allegations, which the Court must take as admitted by the defendant for the purposes of this default judgment, the plaintiff requests damages for the defendant's violation of § 605(a).[2] Section 605(a) prohibits the use of an illegal descrambling device to intercept the plaintiff's signals without authorization. For such a violation, a plaintiff is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just," pursuant to § 605(e)(3)(C)(i)(11). The exact amount of statutory damages awarded within this range is subject to the sound discretion of the court. Cablevision of S. Conn. Ltd. Partnership, 141 F. Supp. 2d at 286. In this case, the plaintiff asks the court to grant an award of $5,000 in damages.

---

[2] The plaintiff notes that the outlined behavior makes the defendant liable to the plaintiff for violations of § 553, as well as 47 U.S.C. § 605. Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993); Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 131 nA (2d Cir. 1996). The plaintiff has the authority, however, to elect to pursue damages under § 605 because this section authorizes higher damages than § 553. In this case, the plaintiff has elected to do so, thus the

In assessing cases similar to the one now being considered, courts within this district have awarded statutory damages ranging from $1,500 to $10,000. Various factors have influenced these courts' determinations of reasonable damages. For example, the court awarded damages of $5,000 where the defendant's interception was "clear ... willful[] ... and over a long time." Cablevision of S. Conn. Ltd. Partnership, 141 F. Supp. 2d at 286-87. In Charter Communications Entertainment I, LLC d/b/a Charter Communications of Western Connecticut v. Wilbert Shaw, the court awarded $1,500 as a "just and appropriate" amount of damages, based on another district court's calculation in a similar case. Charter Communications Entertainment L LLC d/b/a Charter Communications of Western Connecticut v. Wilbert Shaw 163 F. Supp. 2d 121, 125 (D. Conn. 2001) (citing Charter Communications Entm't I LP v. Ramos No. 3:97cv 1573 (CFD), slip op. at 2 (D. Conn. June 18, 1998).

Based on these examples, this Court finds that damage award of $5,000 is appropriate. The plaintiff alleges that the defendant intercepted signals since 1997, and this award seems consistent with other awards in this district. See., e.g.., Cablevision of S. Conn.Ltd. Partnership, 141 F Supp. 2d at 286-87 (awarding $5,000).

### Treble Damages for 605(a) violation

The plaintiff, however, asks the Court to award treble damages, or three times the statutory damages determined by the Court, pursuant to Conn. Gen. Stat. § 52-564 ('§ 52564'). Section 52-564 provides for such tripling of a party's damages where they have resulted from theft: "any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." The word "steals" as used in the General Statutes is synonymous with the definition of larceny under § 53a-119. Merritt v. Fagan, 2002 Conn. Super. LEXIS 1772, *10- 11 (Conn. Super. Ct. May 17, 2002) (citing Lauder v. Pec 11 Conn. App. 161, 165 (1987)). To establish a *prima facie* case under 52 § 53a-119, the plaintiff has to demonstrate that (1) the property belonged to the plaintiff, (2) that the defendant intentionally deprived the plaintiff of the property, and that the defendant's conduct was unauthorized. Id. at * 11 (citing Discover Leasing,

Court will provide a discussion based on § 605 only.

Inc. v. Murphy, 33 Conn. App. 303, 309 (1993)). An award of treble damages under this statute has been described as "an extraordinary remedy," where "the plaintiff is required to satisfy the higher standard of proof by clear and convincing evidence to be entitled to [such] an award." Fisk v. Carl Basile a/k/a Carl S. Basile, 2001 Conn. Super. LEXIS 2512, *3 (Super. Ct. Conn. August 28, 2001).

In this case, the pleadings allege all three required elements, namely that the defendant intentionally deprived the plaintiff of its' property without au6orization, which would entitle the plaintiff to treble damages pursuant to § 52-564. While the plaintiff failed to cite case law where similar treble damages were awarded in this type of case, it contends that "by its plain language," the statute would apply to the defendant's "theft of the plaintiffs property, its cable television signals." The Court agrees, and will thus award treble damages in the amount of $15,000, three times the statutory damages determined above.

### 3. Statutory Damages for 605(e)(4) violation

In addition, the plaintiff has alleged that the defendant violated 47 U.S.C. § 605(e)(4) ('§ 605(e)(4)') based on the defendant's distribution of an illegal descrambling device to a third party. Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(11) ('§ 605(e)(3)(C)(i)(11)'), the plaintiff is entitled to damages in the amount "not less than $10,000 but no more than $100,000" per violation. In this case, the plaintiff is asking for a $10,000 award. In a similar case, a court within this district awarded the statutory minimum of $10,000. Cablevision of Southern Connecticut, LP v. Thomas Smith, 141 F. Supp. 2d 277, 287 (D. Conn. 2001) (awarding statutory minimum of $10,000 per violation). This Court agrees with that court's reasoning, and will therefore award an additional $10,000 in statutory damages.

### 4. Attorneys' Fees and Costs

The plaintiff also asks the Court to award reasonable attorneys' fees and costs for the litigation of this action. The plaintiff properly supports its request with an affidavit of John M. McLaughlin, Esq., its attorney in this matter. The affidavit sets forth the contemporaneous time and records for the work done by the attorneys and paralegals in this matter, and assesses the standard rate charged by the firm, which is $175 per hour for

attorneys and $75 per hour for paralegals. The total attorneys' fees requested is $760.00. The affidavit also details the costs in this matter, in the amount of $224.80. Relying of its knowledge of legal fees in Connecticut, the Court finds the plaintiff's request for attorneys' fees and costs to be reasonable. Thus, the plaintiff's request for an award of attorneys' fees and costs is granted in the total amount of $984.80.

### 5.     Injunctive Relief

Finally, the plaintiff asks for a permanent injunction to enjoin the defendant from future violations of 47 U.S.C. 605(a). The federal statute governing unlawful interceptions of cable allows for such injunctive relief in 47 U.S.C. § 605(e)(3)(B)(1). In order for the plaintiff to obtain such relief, it must establish the standard prerequisites of injunctive relief, including irreparable harm.[3] Smith, 141 F. Supp. 2d at 287-88. To be sure, irreparable harm must be "actual and imminent" in order to award the extraordinary remedy of injunctive relief Forest City Daly Housing, Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999). Moreover, injunctive relief is generally denied where monetary damages are available. Since such damages have already been awarded, the Court declines to issue a permanent injunction in this case. See-,e.g. Cablevision of Southern Connecticut. LP, 141 F. Supp. 2d at 287 (declining to issue a permanent injunction pursuant to 604(e)(3)(B)(i)); Charter Communications Entertainment 1, LLC, 163 F. Supp. 2d at 126 (denying the plaintiff's request for a permanent injunction because the court found no irreparable harm).

### CONCLUSION

For the foregoing reasons, the plaintiff's motion for default judgment **[doc. # 7] is GRANTED in part, DENIED in part.** Judgment shall enter in favor of CoxCom, Inc., d/b/a Cox Communications New England for statutory damages, pursuant to 47 U.S.C. 605(e)(3)(C)(1)(11) and treble damages, pursuant to Conn. Gen.

---

[3] The plaintiff claims that it need not prove irreparable harm for the injunction to issue where express authority for issuance of statutory injunctions is provided by legislative enactment, citing a Third Circuit case. General Instrument CoEp. v. Nu-Tek Electronics & Manufacturing, Inc., 3 F. Supp. 2d 602, 607 (E.D. Pa. 1998), aff'd 197 F.3d 83 (3d Cir. 1999). Courts in this district and Circuit, however, have required a showing of irreparable harm, and this Court agrees that such a showing should be made by the plaintiff. See, e.g., Charter Communications Entertainment I. LLC d/b/a Charter Communications of Western Connecticut v. Wilbert Shaw, 163 F. Supp. 2d 121, 125-26 (D. Conn. 2001).

Stat. 52-564 against Dingle in the total amount of $25,000, and for an award of attorneys' fees, pursuant to 47 U.S.C. 605(e)(3)(B)(iii), in the amount of $984.80, for a total of $25,984.80. The clerk is directed to close this case.

IT IS SO ORDERED at Hartford, Connecticut, this 31st day of July, 2002.

_____
DOMINIC J. SQUATRITO
D STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COXCOM, INC. d/b/a COX
COMMUNICATIONS NEW ENGLAND

V                                           CASE NO. 3:02CV604 (DJS)   

KEVIN DINGLE.

## DEFAULT JUDGMENT

The defendant, KEVIN DINGLE, having failed to appear, plead or otherwise defend in this action and a default under F.R.C.P. 55(a) having been entered on June 18, 2002.

And the plaintiff, COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, having filed on July 10, 2002 a Request for Entry of Judgment by Default and Affidavit, and there being no objection, the Court hereby grants in part, and denies in part the motion pursuant to Rule 55(b)(1). Judgment shall enter in favor of CoxCom, Inc., d/b/a Cox Communications New England for statutory damages, pursuant to 47 U.S.C. 605(e)(3)(C)(1)(11) and treble damages, pursuant to Conn. Gen. Stat. 52-564 against Dingle in the total amount of $25,000, and for an award of attorneys' fees, pursuant to 47 U.S.C. 605(e)(3)(B)(iii), in the amount of $984.80, for a total of $25,984.80, it is therefore

ORDERED, ADJUDGED and DECREED that the judgment be and is hereby entered in favor of the plaintiff in the amount of $25,984.80.

Dated at Hartford, Connecticut, this 31st day of July, 2002.

                KEVIN F. ROWE, Clerk

                _____
                Terri Glynn
                Deputy Clerk

EOD